UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HOWARD COHAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AHP H6 ALPHARETTA LLC,<br><br>　　　　Defendant. | CIVIL ACTION NO.<br>1:23-CV-0509-SEG |

**O R D E R**

This case is before the Court on Plaintiff's motion for default judgment as to Defendant AHP H6 Alpharetta LLC ("AHP"). (Doc. 8.) After careful consideration, the Court enters the following order.

**I.　Background**

On February 2, 2023, Plaintiff Howard Cohan filed this lawsuit alleging that AHP, owner of an Atlanta area hotel, discriminated against him due to his disability in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et. seq.* ("Title III"). (Doc. 1.) Defendant was served with the summons and complaint on February 16, 2023 (Doc. 4), but it has not filed an answer or otherwise responded to the complaint. Plaintiff requested an entry of default on June 7, 2023 (Doc. 6), and the Clerk entered default on June 8, 2023.

Plaintiff, a person with certain disabilities, now moves for default judgment. He alleges that he has visited Defendant's "Hyatt Place Atlanta/Alpharetta/North Point Mall," hotel ("the Hyatt") on three occasions. (Doc. 1 ¶ 5, 17.) On each occasion, Plaintiff allegedly encountered architectural barriers to access at the Hyatt that denied him full access to and enjoyment of services, goods, and amenities on the premises. (*Id.* ¶ 17.)

In this lawsuit, Plaintiff seeks an order directing Defendant to make the Hyatt accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and the 2010 ADA Standards for Accessible Design ("the Standards"). He also seeks a declaration that the Hyatt is in violation of the ADA and the Standards and that Defendant discriminated against him based on his disability.

## II.  Default Judgment Standard

"While a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal quotations omitted). Accordingly, "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Instead,

2

a court must find that the complaint establishes a sufficient legal basis for the entry of a default judgment. *See id.*; *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). Before granting default judgment, the Court must be satisfied that Plaintiff has stated a valid claim supported by the well-pleaded allegations sufficient to meet the elements of that claim. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.") (citing *Nishimatsu Constr.*, 515 F.2d at 1206).

### III. Discussion

#### A. Findings of Fact

By its default, Defendant admits the following well-pleaded allegations in the complaint. Plaintiff has disabilities including severe spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, severe spinal stenosis of the cervical spine with nerve root compromise on the right side, a non-union fracture of the left acromion, a labral tear of the left shoulder, a full thickness right rotator cuff tear, a right knee medial meniscal tear, a repaired ACL and bilateral meniscal tear of the left knee, and severe basal joint arthritis of the left thumb. (Doc. 1 ¶ 7.) These conditions substantially limit Plaintiff's ability to walk, stand, lift, bend, work and perform various manual

tasks. (*Id.*) Plaintiff's disabilities are permanent, and he occasionally requires mobility aids to assist him. (*Id.* ¶¶ 7, 10.)

Plaintiff lives in Palm Beach County, Florida (*id.* ¶ 3), but regularly travels to the Alpharetta, Georgia area to visit friends and to shop. (*Id.* ¶ 11.) On such trips, he stays at hotels. (*Id.* ¶ 12.) On May 15, 2018, June 9, 2021, and January 7, 2023, Plaintiff visited the Hyatt. (*Id.* ¶¶ 5, 17.) While there, he encountered architectural barriers that denied him full access to and enjoyment of the services, goods, and amenities of the Hyatt. (*Id.* ¶ 17.) These barriers to access were present in the parking lot, bar area, pool area, business center, dining area, and men's restroom. (*Id.* ¶ 28.) They included: (1) the absence of a passenger loading zone with an access aisle marked with striping as required by the Standards, (2) the failure to provide signs for disabled parking at the correct height, (3) counter heights exceeding 36 inches, (4) seating and work surfaces at heights other than that provided for in the Standards, (5) a lack of seating with sufficient clear floor space for forward approach as required by the Standards, (6) an insufficient amount of seating in the dining area for persons with disabilities, (7) the existence of grab bars in the men's restroom of improper length and spacing, and (8) toilet paper dispensers that were at heights other than that specified in the Standards. (*Id.*

4

¶ 28(a)-(c).) The architectural barriers pose safety risks for Plaintiff and/or might aggravate his medical conditions. (*Id.* ¶¶ 28(a)-(c), 29.)

The complaint asserts that Defendant failed to remove the listed barriers, even though it would be readily achievable for Defendant to do so. (*Id.* ¶¶ 30, 33.) Per Plaintiff, the barriers and the discriminatory effects of Defendant's policies and procedures at the Hyatt have deterred Plaintiff from considering the Hyatt as an option for his planned, future visits to the Alpharetta, Georgia area. (*Id.* ¶¶ 11, 18, 19.)

### B. Legal Conclusions

#### 1. Standing

Plaintiff has standing to bring this claim. To establish standing, a plaintiff must show: (1) an injury in fact, (2) a causal connection between the asserted injury and the alleged conduct of the defendant, and (3) that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992). A plaintiff who seeks injunctive relief must also make an additional showing to demonstrate standing: he must show a "real and immediate threat of future injury." *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1233 (11th Cir. 2021).

The Court begins with the injury-in-fact element. "In the ADA context, 'a disabled individual who is currently deterred from patronizing a public

5

accommodation due to a defendant's failure to comply with the ADA has suffered 'actual injury.'" *Gaylor v. Greenbriar of Dahlonega Shopping Ctr., Inc.*, 975 F. Supp. 2d 1374, 1383 (N.D. Ga. 2013) (quoting *Pickern v. Holiday Quality Foods, Inc.,* 293 F.3d 1133, 1138 (9th Cir. 2002)). Here, Plaintiff alleges that the Hyatt discriminated against him based on his disability because it maintains certain architectural barriers that violate the Standards and that impede his access to and full enjoyment of the property. (Doc. 1 ¶ 28.) Plaintiff further alleges that he wants to stay at the Hyatt in the future but is deterred from doing so because of its inaccessibility. (*Id.* ¶¶ 18-20.) The Court finds that these allegations, deemed admitted due to Defendant's default, are sufficient to establish that Plaintiff has suffered an injury.

As for causation, Plaintiff alleges that Defendant owns or operates the Hyatt and that Defendant's facilities, policies, and practices have inhibited his access and prevented him from fully enjoying the hotel's facilities. (*Id.* ¶¶ 5, 27, 28, 32.) This allegation is sufficient to satisfy the causation requirement.

As for whether the injury will be redressed by a favorable decision, the Court finds that granting Plaintiff the relief he requests would redress his injury. Once the identified barriers are removed, Plaintiff can use and enjoy the Hyatt's facilities to the same extent as people without disabilities.

The question of whether a plaintiff faces a real and immediate threat of future injury must be examined under the totality of the circumstances. Factors relevant to the analysis are "(1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plan to return; and (4) the frequency of the plaintiff's travel near the defendant's business." *Kennedy*, 998 F.3d at 1233 (internal quotations omitted).

The first factor is neutral. Although Plaintiff lives some distance from the Hyatt, the usual purpose of a hotel is to provide lodging for persons travelling away from home. The second factor weighs in Plaintiff's favor, as Plaintiff visited the Hyatt on three occasions over five years. (*Id.* ¶ 17.)

The third factor also weighs in Plaintiff's favor. Plaintiff says that he wants to return to the Hyatt (*id.* ¶¶ 18-20), and that he "regularly travels to the Alpharetta, Georgia area to visit friends and shop." (*Id.* ¶ 11.) He even planned a return visit to occur just two months after his complaint was filed. (*Id.* ¶ 11.) The allegations plausibly assert a sufficiently definite plan to return. *See, e.g., Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1336 (11th Cir. 2013) (finding that the plaintiff plausibly alleged he intended to return to the defendant's supermarket because, even though it was 30.5 miles from his home, he passed it on his way to and from his lawyer's office); *Fox v.*

7

*Morris Jupiter Associates*, No. 05-80689-CIV, 2007 WL 2819522, at *4 (S.D. Fla. Sept. 25, 2007) (finding that the plaintiff had standing and that his future plan to return to the defendant's store was plausible because even though it was located 25 miles from his home, it was in close proximity to his family and place of employment).

The fourth factor – the frequency of Plaintiff's travel near Defendant's facility – also weighs in Plaintiff's favor. In recent years, Plaintiff has travelled to the area where the Hyatt is located at least three times. (Doc. 1 ¶ 17.)

For the foregoing reasons, the Court finds that Plaintiff has standing to seek injunctive relief.

### 2. Liability

Before the Court may enter default judgment, it must determine whether Plaintiff adequately pleaded discrimination under Title III of the ADA. "Title III prohibits discrimination by private entities in places of public accommodation." *Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1272 (11th Cir. 2006). It states in pertinent part:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

8

To state a claim of discrimination under Title III, a plaintiff must plausibly allege that (1) he is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation as defined by the ADA; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA, denying him full and equal enjoyment of the public accommodation. *See, e.g., Thornton v. Hosp. Mgmt. Assocs., Inc.*, 787 F. App'x 634, 638-39 (11th Cir. 2019) (citing 42 U.S.C. § 12182(a)); *Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 416 (11th Cir. 2011); *Laufer v. Khamlai5169 Lodging LLC*, No. 1:20-CV-00745-JPB, 2021 WL 4861173, at *1 (N.D. Ga. Jan. 25, 2021). The Court addresses each element in turn.

As for the first element, the Court finds that Plaintiff has sufficiently alleged that he is disabled with the meaning of the ADA. Specifically, Plaintiff alleges that his medical conditions "cause sudden onsets of severe pain" and substantially limit his ability to walk, stand, lift, and bend. (Doc. 1 ¶ 7.) Plaintiff's condition "is degenerative and [he] occasionally requires mobility aids to assist his movement." (*Id.* ¶ 10.) He thus has a disability within the meaning of the ADA. *See* 42 U.S.C.A. § 12102(1)(A), (2)(A) (defining the term "disability" with respect to an individual, as "a physical or mental impairment

that substantially limits one or more major life activities of such individual," and stating that walking and standing are major life activities).

Regarding the second element, Plaintiff has sufficiently alleged that Defendant is a private entity that owns or operates a place of public accommodation covered by the ADA. Public accommodations include "inn[s], hotel[s], motel[s], or other place[s] of lodging . . ." 42 U.S.C. § 12181(7)(A). Here, the complaint alleges that Defendant is a limited liability company that owns or operates the Hyatt hotel in question. (Doc. 1 ¶ 5.)

As for the third element, Plaintiff sufficiently alleges that Defendant has discriminated against Plaintiff by maintaining and failing to remove architectural barriers that have denied Plaintiff the full and equal enjoyment of the Hyatt and its services, goods, and amenities. (*Id.* ¶¶ 17, 28, 30, 31, 33, 34.) The failure to remove architectural barriers "where such removal is readily achievable" is a form of discrimination under the ADA. 42 U.S.C. § 12182(b)(2)(A)(iv). And Plaintiff pleads that it would be readily achievable for Defendant to remove all identified barriers at the hotel. (*Id.* ¶ 33.)

Because Plaintiff seeks the removal of architectural barriers, he "has the initial burden of production to show that (1) an architectural barrier exists; and (2) the proposed method of architectural barrier removal is 'readily achievable,' i.e., 'easily accomplishable and able to be carried out without much

10

difficulty or expense' under the particular circumstances of the case." *Gathright-Dietrich,* 452 F.3d at 1273 (quoting *Colorado Cross Disability Coal. v. Hermanson Family Ltd. P'ship I,* 264 F.3d 999, 1007 (10th Cir. 2001)). The ADA lists the following factors to be considered in determining whether the removal of a barrier is readily achievable:

> (A) the nature and cost of the action needed under this chapter;
>
> (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;
>
> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
>
> (D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9). Most, if not all, of the architectural barriers identified in the complaint have been specifically identified by the Department of Justice as barriers that are subject to readily achievable removal. *Compare* Doc. 1 ¶ 28 *with* Dep't of Justice, ADA Title III Technical Assistance Manual, Sec. III-4.4200, available at https://www.ada.gov/resources/title-iii-manual (last visited

11

July 25, 2024). Plaintiff has sufficiently pled that removal of the identified barriers is readily achievable.

In short, in failing to respond to the complaint, Defendant has admitted that Plaintiff has the disabilities he claims, that the Hyatt is a place of public accommodation covered by the ADA, and that Defendant has discriminated against Plaintiff by denying him access to and the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the premises, as prohibited by 42 U.S.C. §§ 12182, *et seq*.

### 3. Plaintiff's Requested Relief

#### a. Injunctive Relief

Plaintiff seeks injunctive relief requiring Defendant to remove certain architectural barriers at the Hyatt. (Doc. 8-1 at 9.) Pursuant to 42 U.S.C. § 12188(a)(2), the Court may grant equitable relief to remedy a violation of Title III of the ADA. Injunctive relief is available under Title III even when the defendant is in default. *See Thornton*, 787 F. App'x at 639 (stating in a default judgment context that "[i]f the plaintiff establishes a violation of the ADA, an injunction is an appropriate form of relief.").

To secure an injunction, Plaintiff must show that: (1) he has a substantial likelihood of success on the merits of his case, (2) he will suffer irreparable injury unless the injunction is granted, (3) his injury outweighs

any damage the injunction may cause to Defendant, and (4) the injunction would not be adverse to the public interest. *C.B. v. Bd. of Sch. Comm'rs of Mobile Cnty., Ala.*, 261 F. App'x 192, 193 (11th Cir. 2008). "The asserted irreparable injury must be neither remote nor speculative, but actual and imminent." *Id.* at 194 (internal quotations omitted).

As for the first factor, Plaintiff has shown a substantial likelihood of success on the merits as he has asserted facts that show an ADA violation and Defendant, through its default, has admitted Plaintiff's allegations. As for the second factor, Plaintiff alleges that he visited the Hyatt three times between 2018 and 2023 and that the architectural barriers he encountered on these visits would aggravate his conditions and deter Plaintiff from staying at the hotel in the future. (Doc. 1 ¶¶ 17, 28). Plaintiff also alleges that he intends to visit the Hyatt again on a date certain. (*Id.* ¶ 20.) As found above, he has thus alleged an actual and imminent injury. *See Houston*, 733 F.3d at 1336 (determining that a plaintiff's multiple visits to a non-ADA-compliant building before he filed his lawsuit evidenced a future threat of continued discrimination); *cf. Shotz v Cates*, 256 F.3d 1077, 1082 (11th Cir. 2001) (concluding that a single visit to a non-ADA-complaint building with no expressed intent to return amounted to "conjectural, hypothetical, or contingent" rather than "real and immediate" future discrimination). Plaintiff

13

has also shown that his injury is irreparable unless Defendant removes the architectural barriers identified in the complaint. The first and second factors are thus satisfied.

As for the third factor, any inconvenience that Defendant may experience in removing the identified barriers from the Hyatt to make the hotel ADA-compliant is outweighed by Plaintiff's interest in eliminating discriminatory barriers to equal access to this public accommodation. Finally, an injunction here is not adverse to the public interest because it will permit Plaintiff and others with disabilities to have full and equal access to the hotel.

For the foregoing reasons, the Court finds that Plaintiff has satisfied the preliminary injunction standard and demonstrated his entitlement to injunctive relief.[1] Accordingly, the Court grants Plaintiff's request for injunctive relief. Defendant AHP H6 Alpharetta LLC is ORDERED to remove all architectural barriers identified in the complaint (Doc. 1 ¶ 28), such that the Hyatt Place Atlanta/Alpharetta/North Point Mall hotel will be made

---

[1] *See, e.g., Pinero v. Jorge Alberto Alvarez Revocable Living Tr.*, No. 23-CV-20056-JEM/Becerra, 2024 WL 264150, at *4 (S.D. Fla. Jan. 8, 2024), *adopted by* 2024 WL 262752 (S.D. Fla. Jan. 24, 2024) (granting injunctive relief ordering the defendant to remove architectural barriers under Title III of the ADA); *Weldon v. SEC Rest. Grp.,* Inc., No. 3:15-CV-449-WHA-GMB, 2016 WL 6561575, at *5 (M.D. Ala. Oct. 6, 2016), *adopted by* 2016 WL 6542852 (M.D. Ala. Nov. 3, 2016) (same).

14

accessible to and usable by persons with disabilities to the full extent required by Title III of the ADA and the 2010 ADA Standards for Accessible Design.

### b. Declaratory Relief

Plaintiff also seeks a declaration that Defendant violated Title III of the ADA. (Doc. 1 ¶¶ 22, 23.) A court "can grant declaratory relief only if there is a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests." *Sullivan v. Div. of Elecs.*, 718 F.2d 363, 365 (11th Cir. 1983) (internal quotation omitted); *see also Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999). For the reasons stated above, the Court finds that this case presents such a controversy. The grant of default judgment in this order is based on a finding that Defendant did, in fact, discriminate against Plaintiff in violation of Title III of the ADA. Therefore, Plaintiff's request for declaratory relief is granted.

### c. Attorney's Fees and Costs of Litigation

A plaintiff who prevails on his claims under the ADA can recover reasonable attorney's fees and costs, including litigation expenses. 42 U.S.C. § 12205. The starting point for calculating a reasonable attorney's fee award is the determination of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Housing Auth.*, 836 F.2d 1292, 1299 (11th Cir.

15

1988). This formula is referred to as the "lodestar." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "A lodestar figure that is based upon a reasonable number of hours spent on a case multiplied by a reasonable hourly rate is itself strongly presumed to be reasonable." *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Hansen v. Deercreek Plaza, LLC,* 420 F. Supp. 2d 1346, 1350 (S.D. Fla. 2006) (quoting *Norman*, 836 F.2d at 1299). The relevant market is "the place where the case is filed." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (internal quotation omitted). In determining reasonable hourly rates in the relevant legal market, the undersigned "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1303). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Barnes*, 168 F.3d at 427 (11th Cir. 1999) (quoting *Norma*n, 836 F.2d at 1303).

The Court finds that counsel's hourly rate of $250 is reasonable, as is his request for fees for less than one hour of work. In addition to attorney's fees,

Plaintiff seeks $572 in costs and an expert fee of $1,800, for a total of $2,372. A prevailing ADA plaintiff may recover expert fees as a litigation expense. *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002) ("[B]ecause the term 'litigation expenses' normally encompasses expert witness fees, we hold that [the ADA] provides direct authority for the award of expert witness fees"); *see also Laufer*, 2021 WL 4861173, at *5 (N.D. Ga. Apr. 21, 2021) (awarding expert fees to prevailing ADA plaintiff). In support of his request for an expert fee, Plaintiff attaches the declaration of Giovannia Paloni, the President of Complete ADA Compliance, a company providing consulting services on ADA compliance. (Doc. 8-2 at 3-4.) The Court finds that the fee amount requested by Plaintiff is reasonable and consistent with other fee awards for pre-suit investigation in ADA cases. *See, e.g., Houston v. S. Bay Invs. No. 101, LLC*, No. 13-80193-CV, 2013 WL 3874026, at *3 (S.D. Fla. July 25, 2013) (permitting award of expert fees of $2,812 following the entry of an injunction and default judgment); *Hansen*, 420 F. Supp. 2d at 1354 (awarding $1,350 in expert fees for pre-suit investigation). Finally, the costs of $170 in service-related fees and $402 in court/filing fees are reasonable and recoverable. The Court therefore awards Plaintiff $2,372 for his costs and expenses in bringing this litigation.

## IV. Conclusion

Plaintiff's motion for default judgment is GRANTED. (Doc. 8.) Defendant AHP H6 Alpharetta LLC is ORDERED to remove all architectural barriers identified in the complaint (Doc. 1 ¶ 28), such that the Hyatt Place Atlanta/Alpharetta/North Point Mall hotel will be made accessible to and usable by persons with disabilities to the full extent required by Title III of the ADA and the 2010 ADA Standards for Accessible Design. It is FURTHER ORDERED that Defendant AHP H6 Alpharetta LLC shall pay Plaintiff Howard Cohan $202.50 in attorney's fees and $2,372 in costs and expenses.

The Clerk is DIRECTED to mail a copy of this order to Defendant at the following address:

> AHP H6 Alpharetta LLC
> c/o Corporation Service Company
> 2 Sun Court, Suite 400
> Peachtree Corner, GA 30092

As no matters remain pending, the Clerk is DIRECTED to close this case.

**SO ORDERED** this 30th day of July, 2024.

SARAH E. GERAGHTY
United States District Judge

18